**NOT FOR PULICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IPROMOTEU, INC., <br><br> Plaintiff, <br><br> v. <br><br> SASCO NEW JERSEY, INC.; LAURENT D. SPAN; and MYRTHA D. SPAN, <br><br> Defendants. | Civil Action No. 20-20529-SDW-LDW <br><br> **OPINION** <br><br> January 25, 2024 |

**WIGENTON**, District Judge.

    **THIS MATTER** having come before this Court upon Defendants Sasco New Jersey, Inc., Laurent D. Span, and Myrtha D. Span's filing of a Motion to Vacate Default Judgment (the "Motion") pursuant to Federal Rule of Civil Procedure 60(b)(6); and

    **WHEREAS** Plaintiff, Ipromoteu Inc., filed its Complaint on December 29, 2020 alleging Sasco New Jersey, Inc., Laurent D. Span, and Myrtha D. Span joint and severally breached the parties' Independent Distributor Affiliate Agreement ("IDAA") and failed to pay for goods provided pursuant to that agreement; and

    **WHEREAS** the Complaint was served on Sasco New Jersey, Inc., Laurent D. Span, and Myrtha D. Span on December 30, 2020.  (D.E. 1 & 4.)  On January 20, 2021, Harold D. Span, Sasco Inc.'s CEO, filed a letter addressed to Richard P. Harber, Plaintiff's counsel, regarding his version of the events that gave rise to this lawsuit.  (D.E. 5.)  The letter was not filed as an Answer, counterclaim, or dispositive motion and there was no entry of appearance for counsel.  On March 10, 2021, Plaintiff moved for entry of default against Defendants for failure to appear.  (D.E. 9.)

On March 26, 2021, Magistrate Judge Leda D. Wettre denied the default motion, and granted Defendants an extension of time to appear. (D.E. 10.) The order stated that if Defendants failed to appear by April 26, 2021, Plaintiff may renew the request for entry of default. (*Id.*) Defendants had not made an appearance by April 26th and so, on May 5, 2021, Plaintiff renewed its request for entry of default. Judge Wettre granted the motion on May 13, 2021. (D.E. 12-14.) On August 13, 2021, Plaintiff moved for Default Judgment as to all Defendants which was granted on September 13, 2021 in the amount of $174,447.94; and

**WHEREAS** On September 30, 2021, Harold D. Span moved to vacate the Default Judgment. On the same day, the Clerk's Office filed a notice informing Harold Span that since he is neither an attorney for Sasco Inc., nor a named defendant, he cannot represent his company *pro se*. The motion was subsequently terminated; and

**WHEREAS** On August 11, 2023, counsel for Defendants entered an appearance and filed the instant Motion. (D.E. 19.) Defendants argue that Plaintiff entered into the IDAA with Sasco, Inc., but sued Sasco New Jersey, Inc.—a different entity[1]—and received a default judgment against the wrong defendant as a result. (D.E. 19-1 at 3.) Indeed, Harold D. Span is the CEO of Sasco Inc. and signed the IDAA as "Senior Account Director of Sasco." His wife, defendant Myrtha D. Span and his son, defendant Laurent D. Span, signed the IDAA as "Individual Principal[s]" of Sasco, Inc. Defendants aver that Harold's letters were an attempt to appear on behalf of all Defendants[2] and Plaintiff will not be prejudiced if the default judgment is vacated because the

---

[1] The parties disagree as to whether Sasco, Inc. and Sasco New Jersey, Inc. are the same or a separate entity. The Complaint alleges that the two are one in the same, D.E. 1 ¶ 11 n. 1, whereas Defendants argue that the entities are separate.
[2] Defendants Myrtha and Laurent acknowledged being served and stated that they left the lawsuit to Harold to handle because he was "running the company" and they believed he would "protect" them. (D.E. 19-2 ¶ 4 & 19-3 ¶ 4.)

letters provided notice of Defendants' position and defenses. The parties timely completed briefing on the motion to vacate default judgment. (D.E. 29 & 31); and

**WHEREAS** the entry of default judgment is governed by Federal Rule of Civil Procedure 55. Pursuant to Rule 55(c), "[t]he court may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). Courts generally disfavor entry of default judgment and—in the interest of justice—prefer for a case to be decided on the merits whenever possible.[3] *See Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244–45 (3d Cir.1951). In reaching its decision to set aside a default judgment, this Court considers three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was a result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir.1985); and

**WHEREAS** Defendants were aware of the pending lawsuit evidenced by the Defendants' declarations stating as much[4] and Harold Span's periodic and timely letters to the Court in an attempt to appear on behalf of the Defendants. Thus, Defendants' argument that the wrong party was sued is unpersuasive to the extent it is used to assert that the parties were unaware of the pending lawsuit. Even if the wrong Sasco entity was sued, Laurent and Myrtha were also named defendants, properly served and thus required to appear, and they failed to do so. However, setting aside the default judgment will not prejudice the Plaintiff. Despite being procedurally improper, Harold Span's letters made clear that Defendants intended to appear and respond to the allegations and the motion for default judgment. Once the Court informed Defendants that Harold Span could

---

[3] The Third Circuit also disfavors defaults or default judgments, preferring "doubtful cases to be resolved in favor of the party moving to set aside the default ... so that cases may be decided on their merits." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir.1984).
[4] *See supra* note 2.

3

not appear on their behalf, they sought legal counsel. This is not a case where Defendants failed to appear, remained silent and unreachable and their position on the matter a mystery.[5] At this early phase of litigation, Defendants have proffered a meritorious defense that the alleged breach of contract was due to Plaintiff's own conduct. Finally, the Court does not find that the default was the result of Defendants' culpable conduct. The default was clearly the result of Defendants failure to retain counsel and mistaken belief that Harold's letters were sufficient. Defendants have since retained counsel and are requesting that the case be heard on the merits. Though dilatory, this conduct is not indicative of culpability[6]; therefore,

Because all the factors weigh in favor of vacating the default judgment and the Court finds that vacating the default judgment is proper, Defendants' Motion is GRANTED. An appropriate order follows.

                                                                              /s/ Susan D. Wigenton
                                                   **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Leda D. Wettre, U.S.M.J.

---

[5] *Trustees of UFCW & Participating Food Indus. Emps. Tri-State Health & Welfare Fund v. Avon Foods, Inc.*, No. CV 17-06952, 2018 WL 2733692 *3 (D.N.J. June 7, 2018) (There is no showing that Defendant has a meritorious defense because Defendant has failed to respond or defend itself."); *see also Trustees of Cement Masons' Union Loc. 780 Benefit Funds v. J.H. Reid Gen. Contractor*, No. CV 2:18-12361, 2018 WL 6600098 *3 (D.N.J. Dec. 17, 2018) (granting default judgment in part because "Defendant [ ] failed to appear or defend in any fashion"); *see also Trustees of UFCW Loc. 152 Health & Welfare Fund v. 21st Century Pro Mgmt. Grp.*, No. CV 17-06516, 2018 WL 1446403 *3 (D.N.J. Mar. 23, 2018) ("First, Defendant has not articulated a cognizable meritorious defense. Defendant has instead failed to respond or defend itself. Second, because Defendant has failed to appear, Plaintiff suffers prejudice if it does not receive a default judgment because it has no other means of vindicating its claim.")

[6] *Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) (citing *Palmer v. Slaughter*, No. 99-899, 2000 WL 1010261, at *2 (D. Del. July 13, 2000))